## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Becon Medical, Ltd.,

            Plaintiff,

      v.

Scott P. Bartlett, MD, and
TalexMedical, LLC,

            Defendants.

CIVIL ACTION NO: _____

JURY TRIAL DEMANDED

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

For its complaint against defendants Scott P. Bartlett, MD (Dr. Bartlett) and TalexMedical, LLC, (TalexMedical), (collectively the "Defendants"), plaintiff Becon Medical, Ltd. (Becon Medical) states:

### Summary of Case

1.    This is an action for damages and injunctive relief to remedy the infringement by Defendants of Becon Medical's U.S. Patent No. 8,167,942 (the "'942 Patent") and 8,852,277 (the "'277 Patent"). Collectively, the '942 and '277 patents are the "Patents."

2.    The Patents are directed to non-surgical infant ear correction devices that help infants with ear deformities properly shape their ears.

## JURISDICTION AND PARTIES

3.     Becon Medical is an Arizona limited liability corporation with its principal place of business in Naperville, Illinois.

4.     Upon information and belief, Dr. Bartlett resides at 500 West Moreland Avenue, Philadelphia, Pennsylvania 19118.

5.     Upon information and belief, TalexMedical is a Pennsylvania limited liability corporation with its principal place of business in Villanova, Pennsylvania.

6.     This Court has subject matter jurisdiction over Becon Medical's patent infringement claims under 28 U.S.C. § 1331 and § 1338 because it arises under federal law.

7.     This Court has personal jurisdiction over Dr. Bartlett because Dr. Bartlett is a resident of and lives in Pennsylvania.

8.     This Court has personal jurisdiction over TalexMedical because TalexMedical is a Pennsylvania corporation with a principal place of business in Pennsylvania.

9.     Venue is proper in this Court under 28 U.S.C. § 1400 because Dr. Bartlett resides in this district and TalexMedical has a principal place of business in this district and its agents reside in this district. Defendants have each committed acts of infringement in this district. Defendants sell and offer to sell products in this district through TalexMedical's website. Furthermore, upon information and belief, Dr. Bartlett has made and used products in this district.

### Relevant Facts

## I.  Becon Medical's Legal Rights

10.    Outer ear deformities can negatively impact a child's physical and emotional development. Recognizing this, the inventors of the Patents developed a non-surgical procedure and device to correct misshapen or deformed infant ears. The commercial embodiment of the Patents is called the EarWell$^{TM}$ Infant Ear Correction System. Becon Medical created and developed the market for its patented EarWell$^{TM}$ Infant Ear Correction System.

11.    The United States Patent and Trademark Office and patent offices around the world have awarded Becon Medical numerous patents, including the Patents, for its innovative work and unique technologies in this field.

12.    Dr. Bartlett is a former medical resident of Dr. Henry Stephenson Byrd, one of the inventors of the Patents.

13.    Dr. Bartlett is a former customer of Becon Medical.

14.    Upon information and belief, Dr. Bartlett first ordered the EarWell$^{TM}$ Infant Ear Correction System through the Children's Hospital of Philadelphia on or about November 29, 2011.

15.    Dr. Bartlett received training from Becon Medical on the use of the EarWell$^{TM}$ Infant Ear Correction System as a customer.

16.    Dr. Bartlett began purchasing only a portion of Becon Medical's EarWell$^{TM}$ Infant Ear Correction System called "retractors" in or about 2013.

17.     Dr. Bartlett stopped purchasing Becon Medical's EarWell™ system altogether in 2017 and founded TalexMedical.

18.     TalexMedical started making, using, offering for sale, selling or importing the "InfantEar" ear molding system in direct competition with Becon Medical.

19.     The '942 patent issued on May 1, 2012.

20.     The '277 patent issued on October 7, 2014.

21.     The '942 patent is directed to unique molding devices also known as conformers or retractors for attaching to and shaping an infant's ear.

22.     The '277 patent is directed to unique molding devices that can be used to help correct deformities in an infant's ear.

23.     Becon Medical is the exclusive owner of the Patents.

## II.     **Defendants' Infringement of the Patents**

24.     Defendants are making, importing, using, selling, and/or offering to sell products in the United States that: (a) are covered by one or more claims of each of the Patents, including, without limitation, the "InfantEar" non-surgical ear molding system (the "Infringing Product").

25.     Upon information and belief, Dr. Bartlett has been making, using, and selling the Infringing Product, whether under the name "InfantEar" or under another name, at the Children's Hospital of Philadelphia.

26.     Upon information and belief, Dr. Bartlett made, used, sold, and offered to sell the Infringing Product prior to forming TalexMedical.

27.     Upon information and belief, Dr. Bartlett and TalexMedical employees have been trained to use and have used Becon Medical's EarWell™ System.

28.     Upon information and belief, Dr. Bartlett began making, importing, using, selling, and/or offering to sell the Infringing Product prior to forming TalexMedical at least to the Children's Hospital of Philadelphia and to his patients.

29.     Upon information and belief, Dr. Bartlett sold and offered to sell the Infringing Product, along with a patent application for the "Infant Ear" product, to the Children's Hospital of Philadelphia.

30.     Upon information and belief, Dr. Bartlett continued to make, import, use, sell, and/or offer to sell the Infringing Product after forming TalexMedical.

31.     Among the various methods of sale, the Defendants have been selling and offering to sell the Infringing Product through www.infantears.com and through sales calls to Becon Medical's customers. Customers can order the Infringing Product from that website or over the phone at 888-327-2221.

32.     Upon information and belief, the Defendants have been aware of the Patents since they filed a patent application with the United States Patent and Trademark Office that cites to the Patents.

33.     Upon information and belief, the Defendants proceeded to commercialize their Infringing Product with actual knowledge of the Patents.

34.     Upon information and belief, the Defendants disregarded the Patents and proceeded to commercialize their Infringing Product without conducting any investigation into whether the Infringing Products infringe the Patents.

## Count One
*Infringement of the '942 patent*

35.　Becon Medical incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

36.　Defendants have directly infringed, and continue to directly infringe, the '942 patent at least by selling, offering to sell, using, making and/or importing the Infringing Product.

37.　As an illustrative example shown below, the Infringing Product has each of the limitations in claim 1 of the '942 patent. The drawings in the chart are captured from TalexMedical's Helical Rim Demo Instruction Video for the product (available at *https://www.youtube.com/watch?v=q3wZVXZJTj4*).

| *Claim Limitation* | *Element on Infringing Product* |
|---|---|
| A molding device for a human ear, wherein the ear includes an antihelix, a superior limb of the triangular fossa, a helix, a helical rim, a base, a concha, and a scaphal area, the molding device comprising: | The InfantEar product includes a molding device for a human ear.  |

| *Claim Limitation* | *Element on Infringing Product* |
|---|---|
| one or more braces; and | The InfantEar   molding device (conformer) includes one or more braces.<br><br><br><br>Helical Rim Demo |
| a scaphal mold supported by the one or more braces, wherein the one or more braces and the scaphal mold are constructed to retain the helix and helical rim within a space defined between the one or more braces and the scaphal mold, and wherein the one or more braces and the scaphal mold are constructed to retain the helix and helical rim within a space defined between the one or more braces and the scaphal mold, and further constructed to maintain a substantially correct anatomical shape of the helix and the helical rim, wherein the scaphal | The InfantEar   molding device (conformer) includes a scaphal mold supported by the one or more braces, wherein the one or more braces and the scaphal mold are constructed to retain the helix and helical rim within a space defined between the one or more braces and the scaphal mold, and wherein the one or more braces and the scaphal mold are constructed to retain the helix and helical rim within a space defined between the one or more braces and the scaphal mold, and  further constructed to maintain a substantially correct anatomical shape of the helix and the helical rim, wherein the scaphal mold and one or more braces are constructed to mold the helix and helical rim during their growth such that the growth of the helix and helical rim conforms to the space between the scaphal mold and the one or more braces.<br><br>Mold<br>Brace<br><br>Helical Rim Demo<br><br>**Video identifies product as retaining the helix and helical rim shape** |

| Claim Limitation | Element on Infringing Product |
|---|---|
| mold and one or more braces are constructed to mold the helix and helical rim during their growth such that the growth of the helix and helical rim conforms to the space between the scaphal mold and the one or more braces. |  |

38.     Upon information and belief, the Defendants have had actual knowledge of the '942 patent and actual knowledge that its Infringing Product infringes that patent when it is manufactured, used, imported, sold, or offered for sale. Yet, Defendants have continued to sell the Infringing Products. Upon information and belief, Defendants knew about the '942 patent prior to this lawsuit at least because: (a) Dr. Bartlett's pending patent application (U.S. Patent Application No. 14/758,877) cites to Becon Medical's Patents; and (b) Dr. Bartlett is a former customer of Becon Medical's EarWell™ system and has purchased and used Becon Medical's EarWell™ system, so that Defendants were undoubtedly aware of Becon Medical's EarWell™ system and patents.

39.     The Infringing Product's only commercial use is an infant ear molding system.

40.     Any use of the Infringing Product as an infant ear molding system is an act of direct infringement of the '942 patent.

41.     Because the sole intended use of the Infringing Product is an infringing use, the Infringing Product has no substantial non-infringing uses.

42.     Defendants have induced infringement of the '942 patent at least because, with knowledge of the '942 patent, they intentionally and actively induced end users of the Infringing Product (through instructions, videos, and otherwise) to use it in a manner that infringes the '942 patent with specific intent that they do so.

43.     Defendants have contributed to infringement of the '942 patent at least by selling the Infringing Product, which has no substantial use other than an infringing use as an infant ear molding system.

44.     Defendants' infringements of the '942 patent were, and continue to be, willful and deliberate.

45.     Becon Medical has been damaged by Defendants' infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## Count Two
### *Infringement of the '277 patent*

46.     Becon Medical incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

47.     Defendants have directly infringed, and continue to directly infringe, the '277 patent at least by selling, offering to sell, using, making and/or importing the Infringing Product.

48.     As an illustrative example shown below, the Infringing Product has each of the limitations in claim 1 of the '277 patent. The drawings in the chart are captured from TalexMedical's Helical Rim Demo Instruction Video for the product (available at *https://www.youtube.com/watch?v=q3wZVXZJTj4*).

| *Claim Limitation* | *Element on Infringing Product* |
|---|---|
| A molding system for a human ear, wherein the ear includes an antihelix, a superior limb of the triangular fossa, a helix, a helical rim, a base, a concha, and a scaphal area, the molding system comprising: | The InfantEar product includes a molding system for a human ear as described herein. |

| Claim Limitation | Element on Infringing Product |
|---|---|
| a cradle comprising: a base section defining an opening dimensioned to accommodate the passage of the ear through the opening, the base section including a posterior surface and an anterior surface; | As shown below, the InfantEar product includes a cradle comprising a base section defining an opening dimensioned to accommodate the passage of the ear through the opening, the base section including a posterior surface and an anterior surface,<br><br> |
| a cover releasably engageable with the base section, wherein the cover, when engaged with the base section, defines a compartment between an inner surface of the cover and an inner surface of the base section; and | The InfantEar product includes a cover releasably engageable with the base section, wherein the cover, when engaged with the base section, defines a compartment between an inner surface of the cover and an inner surface of the base section.<br><br> |
| an ear molding device comprising: | The InfantEar product includes an ear molding device. |
| one or more braces; and | The InfantEar molding device (conformer) includes one or more braces. |

| Claim Limitation | Element on Infringing Product |
|---|---|
|  |  |
| a scaphal mold supported by the one or more braces, wherein the one or more braces and the scaphal mold are adapted to retain the helix and helical rim within a space defined between the one or more braces and the scaphal mold, and to maintain a substantially correct anatomical shape of the helix and the helical rim. | The video entitled "Helical Rim Demo" shows a scaphal mold supported by the one or more braces, wherein the one or more braces and the scaphal mold are adapted to retain the helix and helical rim within a space defined between the one or more braces and the scaphal mold, and to maintain a substantially correct anatomical shape of the helix and the helical rim. |

49.     Upon information and belief, the Defendants have had actual knowledge of the '277 patent and actual knowledge that its Infringing Product infringes that patent when it is manufactured, used, imported, sold, or offered for sale. Yet Defendants have continued to sell the Infringing Products. Upon information and belief, Defendants knew about the '277 patent prior to this lawsuit at least because: (a) Dr. Bartlett's pending patent application (U.S. Patent Application No. 14/758,877) cites to Becon Medical's Patents; and (b) Dr. Bartlett is a former customer of Becon Medical's EarWell$^{TM}$ system and has purchased and used Becon Medical's EarWell$^{TM}$ system, so that Defendants were undoubtedly aware of Becon Medical's EarWell$^{TM}$ system and patents.

50.     The Infringing Product's only commercial use is an infant ear molding system.

51.     Any use of the Infringing Product as an infant ear molding system is an act of direct infringement of the '277 patent.

52.     Because the sole intended use of the Infringing Product is an infringing use, the Infringing Product has no substantial non-infringing uses.

53.     Defendants have induced infringement of the '277 patent at least because, with knowledge of the '277 patent, they intentionally and actively induced end users of the Infringing Product (through instructions, videos, and otherwise) to use them in a manner that infringes the '277 patent with specific intent that they do so.

54.     Defendants have contributed to infringement of the '277 patent at least by selling the Infringing Product, which has no substantial use other than an infringing use as an infant ear molding system.

55.     Defendants' infringements of the '277 patent were, and continue to be, willful and deliberate.

56.     Becon Medical has been damaged by Defendants' infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## Prayer for Relief

WHEREFORE, Becon Medical prays for judgment against Defendants as follows:

(A)     A finding that Defendants have directly infringed one or more claims of each of the Patents under 35 U.S.C. § 271(a).

(B)     A finding that Defendants have induced infringement of one or more claims of each of the Patents under 35 U.S.C. § 271(b).

(C)     A finding that Defendants have contributed to the infringement of one or more claims of each of the Patents under 35 U.S.C. § 271(c).

(D)     Preliminary and permanent injunctive relief enjoining Dr. Bartlett, TalexMedical and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others aiding, abetting, or acting in concert or active participation therewith, from: (1) making, using, selling, offering to sell, or importing into the U.S. any device covered by any of the Patents; or (2) otherwise directly or indirectly infringing any of the Patents.

(E)     Compensatory damages under 35 U.S.C. § 284.

(F)     Treble damages under 35 U.S.C. § 284.

(G)     An order that Defendants account to Becon Medical for all sales, revenues, and profits derived from its infringing activities and that three times those profits be disgorged and paid to Becon Medical under 35 U.S.C. § 284.

(H)     Attorneys' fees under 35 U.S.C. § 285.

(I)     Pre-judgment and post-judgment interest.

(J)     Costs of the action.

(K)     Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated:  September 27, 2018

Respectfully submitted,

SAUL EWING ARNSTEIN & LEHR LLP,
Alexander R. Bilus (PA 203680)
Alexander.Bilus@saul.com
Centre Square West
1500 Market St., 38th Floor
Philadelphia, PA 19102
t 215.972.7177 | f 215.972.4166

MCDONALD HOPKINS, PLC
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
Mark Guinto (OH 0089320)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
mguinto@mcdonaldhopkins.com

*Counsel for Becon Medical, Ltd.*

## Jury Demand

Plaintiff Becon Medical, Ltd. hereby demands a jury trial for all issues so triable.

Alexander R. Bilus
*Counsel for Becon Medical, Ltd.*