UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Becon Medical, Ltd. et al., | : |
| Plaintiffs, | : CIVIL ACTION: 18-04169 |
| v. | : |
| Scott P. Bartlett et al., | : Judge Jan E. Dubois |
| Defendants. | : |

**Plaintiffs' Opposition to Talex's Motion to Stay (ECF #89)**

Scott Bartlett and TalexMedical (together, "Talex") incorrectly argue that a stay is appropriate because it intends to file an IPR petition. Talex's sole purpose is to needlessly delay litigation because it is a willful infringer that has no defense in this suit. Just a few weeks ago, in response to the Court's order compelling discovery based on an improper privilege designation (ECF #77), Talex produced the minutes of its internal management team meeting where Talex's Chief Technology Officer, Bryan Griffiths, admits that its conformer infringes the "Byrd" '942 patent:



(Exh. A, Talex Management Team July 24, 2017 Meeting Minutes (TAL8658-60).)[1] Indeed, a physician who uses Becon's EarWell system openly asked Talex's CEO why Talex ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ :

---

[1] Amanda Kessel is a patent attorney at Johnson & Johnson Consumer, Inc. Bryan Griffiths is the Chief Technology Officer at Talex. While Ms. Kessel is a patent attorney and knowledgeable about patent infringement analysis, she does not represent Talex as counsel. (*See* ECF #77, Order.)

{8380971: }

██████████████████████████████████████

(Exh. B., Talex Physician Interview (TAL3327).)

Talex's willful infringement gamble that Becon would not sue because of high litigation costs was wrong. Becon has dutifully protected its employees, its business and its legal rights in this litigation that has now lasted more than a year. Talex's continued willful infringement has forced Becon to incur hundreds of thousands of dollars in fees and costs to defend its legal rights.

With fact discovery now closed and with overwhelming evidence of willful infringement, Becon is prepared to move for summary judgment and put this case to an end.

Facing punitive damages for willful infringement, a permanent injunction, and attorneys' fees, Talex now argues that the best course of action for this suit is to stay it based on an unfiled IPR petition for which it has never so much as raised as a possibility to the Court or Becon. As set forth below, Talex's reasoning for a stay or filing an IPR petition is completely feigned. The Court and the parties have invested significant time and money into completing claim construction and fact discovery, and are now prepared for dispositive motions.  The Court will order a final judgment in this suit months before there is any final ruling by the USPTO.

Becon asks the Court to send a clear message to Talex: it will not reward willful infringement with needless delays. The Court should deny Talex's motion with prejudice and have Talex answer for its willful infringement.

**I.      The Court Should Deny a Stay**

The decision to grant or deny a stay is within the discretion of the court. *Arkema Inc. v. Honeywell Intern., Inc.*, 10-CV-2886, 2013 WL 5356844, at *2 (E.D. Pa. Sept. 25, 2013).

As an initial ground, Talex has not filed for an IPR and the USPTO has not instituted an IPR. Courts regularly deny stay requests when a party has not yet filed its IPR petition or the

USPTO has not yet acted on that IPR petition. *KFx Med., LLC v. Stryker Corp.*, 18-CV-01799-H-WVG, 2019 WL 2008998, at *2 (S.D. Cal. May 7, 2019) (denying defendant's motion to stay), citing *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (collecting cases); *see also DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("Until the PTAB makes a decision on whether to grant the IPR petition, any argument about whether the IPR process will simplify issues in this litigation is highly speculative.... [Thus,] [a]bsent unusual circumstances, ... the filing of an IPR request does not by itself simplify the issues in a case."). Talex's motion should be denied on this basis alone.

In determining whether to stay an action pending *inter partes* review, courts consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 766 (E.D. Pa. 2014), citing *Innovative Office Prods., Inc. v. Spaceco, Inc.,* No. 05–4037, 2008 WL 4083012, at *2 (E.D. Pa. Aug. 28, 2008). These factors strongly weigh in favor of denying a stay.

### A. The Requested Stay Would Delay Final Judgment In this Suit from a Few Months to More Than 18 Months

When considering the first factor of undue prejudice, courts favor denying a stay when the timing of the request for *inter partes* review suggests dilatory intent on the movant's part. *Nexans Inc. v. Belden Inc.,* CV 12-1491-SLR-SRF, 2014 WL 651913, at *3 (D. Del. Feb. 19, 2014), *report and recommendation adopted,* CV 12-1491-SLR/SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014) (denying motion to stay litigation), citing *Belden Techs. Inc. v. Superior Essex*

*Communs. LP*, C.A. No. 08–63–SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) ("A request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage.").

This is exactly the case here. Becon made Talex aware of its infringement claim more than 17 months ago when it first sent a cease and desist letter on April 25, 2018. (Exh. C.) Believing that Becon would not litigate (*see* Exh. A, meeting minutes), Talex refused to stop its willfully infringing acts. Becon then filed this suit more than one year ago (ECF #1). Since then, not once has Talex ever raised to the Court or to Becon the possibility of filing an IPR petition. Indeed, Talex stipulated to a Scheduling Order that the Court entered and the parties have completed fact discovery and claim construction (ECF #23).

Since then, Talex has produced overwhelming evidence showing its willful infringement. (*See e.g.,* Exh. A.) Also, the Court's claim construction rulings completely side with Becon, which further removed any legal defense by Talex. (ECF #79.) It is indisputable that the only reason Talex now seeks a stay is for dilatory procedural tactics. This case is ready for expert discovery and dispositive motions which should be completed in a manner of a few months.

In addition to the consideration of a clear tactical advantage for the moving party, courts are reluctant to grant a stay when the parties are direct competitors, as is the case here, due to undue prejudice. *Zipit Wireless Inc. v. Blackberry Ltd.*, 6:13-CV-02959-JMC, 2016 WL 3452735, at *3 (D.S.C. June 24, 2016) (denying Talex' motion to stay litigation), citing *Belden Techs. Inc. v. Superior Essex Communs. LP*, C.A. No. 08–63–SLR, 2010 WL 3522327, at *3 (D. Del. Sept. 2, 2010. Talex's knock-off conformer and ear mold product wrongly competes with Becon's patented device.

Indeed, Talex is bankrolling this litigation and the preparation and potential filing of its IPR petition through its willfully infringing product. Talex's sole product that it sells is its willfully infringing InfantEar System. Based on Talex's representation that it will file two IPR petitions, Talex is easily spending more than $100,000 to do so. The USPTO costs alone are more than $30,000 per patent:

| | | | | | |
|---|---|---|---|---|---|
| 1406/2406/3406 | 42.15 (a)(1) | Inter partes review request fee - Up to 20 claims | 15,500.00 | 15,500.00 | 15,500.00 |
| 1414/2414/3414 | 42.15 (a)(2) | Inter partes review post-institution fee - Up to 15 claims | 15,000.00 | 15,000.00 | 15,000.00 |
| 1407/2407/3407 | 42.15 (a)(3) | Inter partes review request of each claim in excess of 20 | 300.00 | 300.00 | 300.00 |
| 1415/2415/3415 | 42.15 (a)(4) | Inter partes post-institution request of each claim in excess of 15 | 600.00 | 600.00 | 600.00 |

(USPTO Fee Schedule, https://www.uspto.gov/learning-and-resources/fees-and-payment/uspto-fee-schedule.) The Court should not reward Talex's willfully infringing behavior by giving Talex the right to delay resolution of this lawsuit and allow Talex to continue to generate revenue by continuing to sell its admittedly infringing products.

Furthermore, Talex represented to the Court during the October 2, 2019 teleconference that it has already retained litigation counsel to prepare, file, and litigate the IPR petitions before the USPTO. In the same breath, Talex argues that it needs *60 days* to "find" new litigation counsel. Talex's duplicitous position makes sense for only one purpose: wrongful delay. If Talex has retained new counsel who has spent dozens (if not hundreds) of hours to prepare and litigate the IPR petition, then that counsel should have had no problem already analyzing the willful infringement issues in this case and make an immediate appearance in this suit.

Talex's argument that potential counsel has to review AEO documents before making an appearance makes no logical sense. Defense counsel in *all cases* are engaged to represent defendants within 21 days of service of a complaint before discovery even commences. Also,

Becon only produced a few thousand pages of AEO documents, which should literally take no more than a few days to review, and Talex should already have given its own AEO documents (including those that establish willful infringement) to its retained patent litigation counsel that has not yet made an appearance. There is no basis for Talex's further delay with a stay.

These facts lead to one conclusion: Talex now threatens to file an IPR petition for the first time to wrongly delay resolution of this case. Talex's motion should be denied on this basis.

### B.     A Stay Will Not Simplify the Issues

It will take at least three months for the USPTO to rule on the petition. 35 U.S.C. § 314(b) (3 months to determine whether to institute an IPR).  In that time, the parties can complete disposition motions in this case to place it in final form for judgment. There is no need to delay this case.

Further, even if Talex files an IPR petition, it will not simplify the invalidity issues. Here is why: Talex does not claim invalidity against claims 5-7 of the '942 patent based on prior art (ECF #29, Talex's Invalidity Contentions). In Talex's Invalidity Contentions, no prior art was cited against claims 5-7 and Talex based the invalidity for those claims on 35 U.S.C §112 indefiniteness grounds.

There are two fatal problems for Talex. First, Talex can only file an IPR based on prior art grounds, and Talex has not asserted any such grounds in its invalidity contentions. 35 U.S.C. §311(b)("A petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications.") Because Talex has not identified any 102 or 103 prior art grounds against claims 5-7 of the '942 patent, the Court can easily proceed with determining willful infringement on those claims.

Second, Talex's invalidity contentions are final in this suit and Talex is bound by them. Talex stipulated to and the Court entered the Scheduling Order where the parties' contentions are final and cannot be amended 30 days after the August 23, 2019 claim construction ruling:

> Deadline for Amending Infringement, Non-Infringement, and Invalidity Contentions – Each party shall seasonably amend any infringement, invalidity, or non-infringement contention in accordance with Rule 26(e) of the Federal Rules of Civil Procedure upon learning that the contention is incomplete or incorrect. The parties shall timely conduct discovery so that these contentions can be updated as soon as possible. Any amendment to a party's infringement, invalidity, or non-infringement contentions, or other pleading, that is necessary due to the Court's claim interpretation ruling, must be timely made but in no event later than one month after the Court's claim construction ruling.

(ECF #23, Order at 3.) Because it has been more than 30 days since the Court's claim construction ruling, Talex's invalidity positions are locked in. The Court can make a final ruling of willful infringement and no invalidity in a matter of a few months. *See Riddell, Inc. v. Kranos Corp.*, No. 16 C 4496, 2017 WL 959019, at *4 (N.D. Ill. Mar. 12, 2017) (denying stay where parties had already exchanged final invalidity contentions). Therefore, an IPR petition cannot simplify the willful infringement issues regardless of whether Talex decides to waste its money in filing IPR petitions.

      **C.    A Stay Shall be Denied Because Fact Discovery and Claims Construction Has Been Completed**

In consideration of the third factor, the fact that discovery and claim construction are complete weighs heavily in favor of denying a stay. *Dominion Resources Inc. v. Alstom Grid, Inc.*, CV 15-224, 2016 WL 7394911, at *2 (E.D. Pa. Feb. 24, 2016) (denying a motion to stay, where the suit was filed over a year prior, the IPR petition was not yet addressed by the USPTO, and claims construction and discovery were complete). In *Dominion*, the suit had already been in litigation for over a year, claims construction and discovery were complete, dispositive motions

were imminent, and trial was four months away. *Id*. This Court agreed that a stay would be unduly prejudicial to the plaintiff because the trial would likely already be over before the PTAB even decided whether to proceed with reexamination. *Id*. Even in cases where discovery is not yet complete, courts will still deny a stay if the case is beyond the early stages of litigation. *Zipit Wireless Inc. v. Blackberry Ltd.*, 6:13-CV-02959-JMC, 2016 WL 3452735, at *3 (D.S.C. June 24, 2016) (denying the motion to stay because the case was not in the early stages of litigation).

This case has already been pending for over a year. The parties already have completed all infringement and invalidity contentions, written discovery, depositions, and claim construction. Also, the discovery deadline has ended and neither party sought to extend it prior to that deadline. A stay at this stage would only increase the burden on the parties and the court. Plaintiffs therefore request that Talex's motion to stay be denied.

## Conclusion

For the foregoing reasons, the Court should deny Talex's motion to stay and motion to withdraw as counsel of record (ECF #89).

Dated:  October 3, 2019

Alexander R. Bilus (PA 203680)
SAUL EWING ARNSTEIN & LEHR LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
t 215.972.7177 │ f 215.972.4166
alexander.bilus@saul.com

Respectfully submitted,

  s/ David B. Cupar
David B. Cupar  (OH 0071622)
   (*pro hac vice*)
Mark C. Guinto  (OH 0089320)
   (*pro hac vice*)
MCDONALD HOPKINS LLC
600 Superior Ave., East, Suite 2100
Cleveland, OH  44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mguinto@mcdonaldhopkins.com

*Counsel for Plaintiffs*