**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BECON MEDICAL, LTD.** and **HENRY STEPHENSON BYRD, M.D.,** Plaintiff, | **CIVIL ACTION** |
| v. | **NO. 18-4169** |
| **SCOTT P. BARTLETT, M.D.,** and **TALEXMEDICAL, LLC,** Defendants. | |

DuBois, J.  December 17, 2019

**M E M O R A N D U M**

## I. INTRODUCTION

This patent infringement case involves two non-surgical infant ear correction devices: plaintiffs' EarWell and defendants' InfantEar. Plaintiffs, Becon Medical, Ltd., and Henry Stephenson Byrd, M.D., assert that defendants TalexMedical, LLC, and Scott P. Bartlett, M.D., infringed on patents related to EarWell by, *inter alia*, making and selling InfantEar. There are two patents-in-suit: plaintiffs' U.S. Patent No. 8,167,942 ("'942 Patent") and U.S. Patent No. 8,852,277 ("'277 Patent"). Presently before the Court is Defendants' Motion to Stay.[1] For the reasons discussed *infra*, the Court denies Defendants' Motion to Stay.

## II. ANALYSIS

"Courts have inherent power to manage their dockets and stay proceedings." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The decision whether to grant a stay is within the Court's discretion because "it is a matter of the court's inherent power to conserve judicial resources by controlling its own

---

[1] Defendants filed a single motion entitled Defendants' Motion to Stay, Modify the Confidentiality Order, and Withdraw as Counsel of Record (Document No. 89). The Court only addresses Defendants' Motion to Stay in this Memorandum.

docket." *Cost Bros., Inc. v. Travelers Indent. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). This authority extends to patent cases, where a party seeks *inter partes* review ("IPR") by the Patent and Trial Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"). *See Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12–cv–1744, 2013 WL 3353984, at *1 (D. Del. July 2, 2013). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

"In determining whether to stay an action pending IPR, 'courts consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Dorman Prod., Inc. v. Paccar, Inc.*, No. CIV.A. 13-6383, 2014 WL 2725964, at *1 (E.D. Pa. June 16, 2014) (DuBois, J.) (quoting *Destination Maternity Corp. v. Target Corp.*, No. 12–cv–5680, 2014 WL 1202941, at *2 (E.D. Pa. Mar. 24, 2014)). As discussed below, the Court concludes that all three factors weigh against granting a stay.

### A. Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-moving Party

In examining whether a party will suffer undue prejudice or a clear tactical disadvantage, courts look to four sub-factors: (1) the timing of the request for IPR; (2) the timing of the request for stay; (3) the status of the IPR proceedings; and (4) the relationship of the parties. *Dorman Prod., Inc.*, 2014 WL 2725964, at *1 (citing *SenoRx, Inc. v. Hologic, Inc.*, No. 12–cv–173, 2013 WL 144255, at *6 (D. Del. Jan. 11, 2013)). The Court will address each sub-factor in turn.

#### 1. *The Timing of the Request for IPR*

The first sub-factor is the timing of the request for IPR. A request for IPR "made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that

the moving party is seeking an inappropriate tactical advantage." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, No. CIV. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010). In this case, defendants were served with the Summons and Complaint on October 10, 2018 (Document No 4). Defendants did not request IPR until October 9, 2019, the last possible day before the statutory deadline. *See* 35 U.S.C. § 315(b) (requiring IPR to be instituted within one year after the date on which petitioner "is served with a complaint alleging infringement"). Defendants offer no reason for filing their IPR petitions just before the deadline—after the parties completed fact discovery, the Court conducted a *Markman* hearing, and the Court construed the disputed claim terms.[2]

Additionally, plaintiffs filed their Initial Infringement Contentions on March 20, 2019, approximately seven months before defendants filed for IPR. Pls.' Initial Infringement Contentions (Document No. 31). Although "infringement contentions are certainly not a dispositive milestone in determining whether a defendant has pursued [IPR] in a timely manner," defendants do not explain the near seven-month delay in filing for IPR after they learned of plaintiffs' infringement contentions. *Realtime Data LLC*, 2016 WL 9340796, at *2.

The Court finds that the timing of defendants' request for IPR suggests that defendants are seeking an inappropriate tactical advantage. *See Parthenon Unified Memory Architecture LLC v. HTC Corp. & HTC Am., Inc.*, No. 2:14-CV-00690-RSP, 2016 WL 3365855, at *2 (E.D. Tex. June 17, 2016) (finding that, *inter alia*, defendants' petition for IPR filed on the last day of "the last day of the '1 year' period under which Defendants were permitted to file IPRs" suggested that defendants were "seeking a stay to gain a tactical advantage over [plaintiff]");

---

[2] The Court notes that defendants stated in their letter dated December 6, 2019, that the reason they sought IPR was for "the certainty it gives us with respect to timing" and that "IPRs have proven to be a cost-effective alternative to district court litigation." Defs.' Letter Dec. 6, 2019. But defendants do not explain why they waited until the day before the statutory deadline to file for IPR, after the Court and the parties have expended significant resources in this case.

*Greatbatch Ltd AVX Corp.*, No. CV 13-723-LPS, 2015 WL 8483986, at *1 (D. Del. Dec. 10, 2015). Thus, this sub-factor weighs against granting a stay.

### 2. *The Timing of the Request for Stay*

The second sub-factor is the timing of the request for a stay. Defendants filed the instant Motion to Stay on September 19, 2019, approximately three weeks before it filed for IPR. Notwithstanding defendants' delay in seeking IPR, the Court concludes that this sub-factor—the timing of the request for stay—weighs in favor of granting a stay. *Cf. Dorman Prod., Inc.*, 2014 WL 2725964, at *2 (concluding that a motion to stay filed approximately two weeks after request for IPR filed weighed in favor of granting stay).

### 3. *The Status of the IPR Proceedings*

The third sub-factor is the status of the IPR proceedings. The IPR proceedings were recently filed, on October 9, 2019, and, if the PTAB institutes the review, the proceedings may extend into early 2021. *See* 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. § 42.107(b) (requiring initiation of IPR within six months of filing and a decision within twelve months thereafter). The Court concludes that this sub-factor weighs against granting a stay.

### 4. *The Relationship of the Parties*

The final sub-factor in determining whether a party will suffer undue prejudice or a clear tactical disadvantage, is the relationship of the parties. Courts are reluctant to stay proceedings where parties are direct competitors. *Neste Oil OYJ*, 2013 WL 3353984, at *3; *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-CV-01699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012). This reluctance is justified because, "[w]here parties are direct competitors, a patent infringer can take market share and build brand loyalty while the case is pending, and these injuries may not be recoverable in damages or later injunctive relief." *Zillow, Inc. v. Trulia, Inc.*, No. C12-

1549JLR, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013).

In this case, the parties are direct competitors—they both make non-surgical infant ear correction devices that are marketed and sold to physicians. *See* Pls.' Opp. Mot. Stay Ex. B; Defs.' Answer Am. Compl. ¶ 2. Defendants do not argue otherwise. *See generally* Defs.' Mot. Stay; Defs.' Reply Supp. Mot. Stay. Because the parties are direct competitors, plaintiffs would likely be unduly prejudiced by a stay.

Additionally, plaintiffs have presented strong evidence of willful infringement by defendants. Pls.' Opp. Mot. Stay Ex. A. While willful infringement is not traditionally considered by courts in determining whether to grant a stay, *see Dorman Prod., Inc.*, 2014 WL 2725964, at *1, the Court finds that it is relevant to the exercise of its discretion, *see Cost Bros., Inc.*, 760 F.2d at 60. The Court concludes that the strong evidence of willful infringement by defendants strengthens plaintiffs' argument that it would be unduly prejudiced by a stay.

Finally, the Court notes that plaintiffs did not move for a preliminary injunction, which weakens their undue prejudice argument. *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 511 (D. Del. 2012). However, whether a party sought a preliminary injunction is not dispositive on the issue of whether it would suffer undue prejudice because there are many reasons that a plaintiff might not to move for a preliminary injunction. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (stating that whether the non-movant sought a preliminary injunction "is not dispositive" in determining undue prejudice). Because the parties are direct competitors and there is strong evidence of willful infringement, the Court finds that plaintiffs would be prejudiced by a stay, even though plaintiffs did not move for a preliminary injunction. Accordingly, this sub-factor weighs against a stay.

Having analyzed and weighed the four sub-factors—(1) the timing of the request for IPR;

(2) the timing of the request for stay; (3) the status of the IPR proceedings; and (4) the relationship of the parties—the Court concludes that three of the four sub-factors—all except the timing of the request for stay—weigh against granting a stay. Accordingly, this factor, "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party," weighs against granting a stay.

### B. Whether a Stay Will Simplify the Issues in Question and Trial of the Case

The second factor is whether a stay will simplify the issues in the case. Defendants sought a stay on September 19, 2019, before the PTAB instituted IPR. Courts in the Third Circuit "have generally held that this factor weighs against a stay when the PTAB has not yet decided whether to institute IPR proceedings." *Invensas Corp. v. Samsung Elecs. Co.*, No. CV 17-1363-MN-SRF, 2018 WL 4762957, at *3 (D. Del. Oct. 2, 2018); *British Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 4740156, at *5 (D. Del. Sept. 27, 2019) ("[C]ourts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted."); *see also Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *4 (E.D. Tex. July 19, 2018). "Unless and until the PTAB institutes IPR . . . proceedings based on the petitions, any expected simplification" is speculative. *Universal Secure Registry, LLC v. Apple Inc.*, No. CV 17-585-CFC-SRF, 2018 WL 4486379, at *2 (D. Del. Sept. 19, 2018). Accordingly, the Court concludes that this factor weighs against granting a stay.

### C. Whether Discovery is Complete and Whether a Trial Date has Been Set

The final factor is whether discovery is complete and whether a trial date has been set. "[W]hen a party moves to stay an action that has already reached its later stages, it is likely that 'the Court and the parties have already expended significant resources . . . and the principle of

maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.'" *Neste Oil OYJ*, 2013 WL 3353984, at *5 (quoting *SenoRx, Inc.*, 2013 WL 144255, at *5). "A stay is particularly appropriate in the infancy of a lawsuit, e.g., at the early stages of discovery." *Pride Mobility Prod. Corp. v. Permobil, Inc.*, No. 13-CV-01999, 2013 WL 8445809, at *4 (E.D. Pa. Aug. 14, 2013). In this case, "the Court and the parties have already expended significant resources," which weighs against granting a stay. *Id.* Although expert discovery has not been completed and a trial date has not been set, fact discovery has been completed, the Court conducted a *Markman* hearing, and the Court construed the disputed claim terms. *See supra* Section II(A)(1). The Court concludes that this factor weighs against granting a stay.

Having concluded that all three factors—(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set—weigh against a stay, the Court denies Defendants' Motion to Stay the litigation pending IPR.

**III.     CONCLUSION**

For the foregoing reasons, the Court denies Defendants' Motion to Stay.

An appropriate order follows.